OVERTON (BROWN v.). See Case No. 2,024.

[1] [Reprinted by permission.]

## Case No. 10,626.

OVERTON et al. v. GORHAM et al.

[2 McLean, 509.]

Circuit Court, D. Illinois. June Term, 1841.

REMOVAL FROM OFFICE—NOTICE.

[Cited in U. S. v. Bank of Arkansas, Case No. 14,515, to the point that in removal from office notice is not necessary to effect such removal.]

[This was a proceeding by Overton and King against Gorham and Durley.] A judgment having been obtained in this case, at a previous term, an execution was issued and levied by the late marshal on real estate, which was sold by him after giving due notice. After the levy and before the sale, the late marshal was removed from office and a successor appointed; but before the sale he was not notified of his removal, nor of the appointment of his successor. On this state of fact, a motion was made by Mr. Hatton, in behalf of the purchaser of the land, to set the sale aside on the ground that the late marshal, having been removed from office, had no right to sell.

BY THE COURT. By the twenty-eighth section of the act of the 24th September, 1789 [1 Stat. 87], it is provided that "every marshal or his deputy when removed from office, or when the term for which the marshal is appointed shall expire, shall have power, notwithstanding, to execute all such precepts as may be in their hands respectively, at the time of such removal or expiration of office; and the marshal shall be answerable," &c. The 3d section of the act of 7th of May, 1800 [2 Stat. 61], provides "that where a marshal shall take in execution any lands, tenements or hereditaments, and shall die, or be removed from office, or the term of his commission expire before sale, or other final disposition made thereof, the like process shall issue to the succeeding marshal, and the same proceedings shall be had as if such former marshal had not died or been removed, or the term of his commission had not expired." From this provision it is clear that the sale in this case was irregular. After his removal from office the marshal, under the act of 1789, has power to execute all such precepts as may be in his hands; but the act of 1800 provides that his successor shall sell the lands on which he has levied but not sold, before his removal. Notice to the late marshal of his removal was not necessary. His functions were terminated by the act of removal. The only doubt that arises is, whether the defendant should not have had notice of this motion. His rights may be affected by setting aside the sale. But as the provision of the act is peremptory, and the defendant cannot be notified without great in-

convenience and delay, and as his counsel in the judgment may object to the motion, the court will set aside the sale and order another execution to the present marshal. If any doubt could arise in the case, and it were possible to avoid this result, the court would not decide the motion until a personal notice had been served on the defendant, unless he appeared by counsel.